## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| NICK CARVER, WADE JACOBS, ) <br> DALE BASIL, MIKE LEBETER, ) <br> and ERIC WALLACE, individually ) <br> and on behalf of others similarly ) <br> situated, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FORESIGHT ENERGY LP, ) <br> MURRAY ENERGY ) <br> CORPORATION, MURRAY ) <br> AMERICAN COAL, INC, ) <br> FORESIGHT ENERGY GP LLC, ) <br> FORESIGHT ENERGY LLC, ) <br> FORESIGHT ENERGY SERVICES ) <br> LLC, PATTON MINING LLC, ) <br> HILLSBORO ENERGY LLC, ) <br> HILLSBORO ENERGY LLC d/b/a ) <br> DEER RUN MINE, MURRAY ) <br> ENERGY HOLDINGS COMPANY, ) <br> FORESIGHT RESERVES LP, ) <br> THE CLINE GROUP LLC, ) <br> CHRISTOPHER CLINE, and ) <br> DOE DEFENDANTS 1–10 ) <br> ) <br>     Defendants. ) | No. 3:16-cv-3013 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss Plaintiffs' First Amended Class Complaint (d/e 22) filed by Defendants Murray Energy Corporation; Murray American Coal, Inc.; and Murray Energy Holdings Company (the Murray Defendants), and the Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (d/e 25) filed by Defendants Foresight Energy LP; Foresight Energy GP LLC; Foresight Energy LLC; Foresight Energy Services LLC; Patton Mining LLC; Hillsboro Energy LLC; Hillsboro Energy LLC d/b/a Deer Run Mine; and Foresight Reserves LLP (the Foresight Energy Defendants).  Defendants argue that Plaintiffs' First Amended Complaint establishes that 60 days' notice under the Worker Adjustment and Retraining Notification Act of 1988 (WARN Act) was excused for the closure of the Deer Run Mine under the Act's natural disaster exception because the combustion events which led to the closure qualify as a natural disaster.

Because Plaintiff's Amended Complaint plausibly states a claim under the WARN Act and does not unambiguously establish

that affirmative defense to the Act, Defendants' Motions to Dismiss are DENIED. In addition, Plaintiffs' request for oral argument on the motions is DENIED.

## I.  JURISDICTION AND VENUE

This Court has subject matter jurisdiction because Plaintiffs' claims are based on the WARN Act, 29 U.S.C. § 2102, a federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Venue is proper because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district. 28 U.S.C. § 1391(b)(2).

## II. BACKGROUND

In March 2016, Plaintiffs Nick Carver, Wade Jacobs, Dale Basil, Mike Lebeter, and Eric Wallace, on behalf of themselves and on behalf of a class of similarly situated individuals, filed a First Amended Complaint against Defendants. Plaintiffs allege that Defendants violated the WARN Act, 29 U.S.C. § 2102, by failing to

give 60 days' notice of their employment loss or the closing of the Deer Run Mine. The First Amended Complaint contains the following allegations:

The Deer Run Mine is a bituminous coal mine operated by the Defendants in Hillsboro, Illinois. First Am. Compl. ¶¶ 1, 2. The Deer Run Mine employed approximately 160 workers, including Plaintiffs. Id. at ¶¶ 4, 12, 61–64.

Plaintiffs allege that between July 2014 and January 2016, the mine was plagued by "coal fires," which increased carbon monoxide levels in the mine. First Am. Compl. ¶ 48. This led to employee evacuations and operation shutdowns in July 2014, March 2015, August 2015, and November 2015. Id. at ¶¶ 48, 49, 51, 53, 54, 56, 60. Though referred to as "fires," the events are in fact a form of spontaneous combustion which can occur when coal is exposed to oxygen and oxidizes, causing the coal to smolder and release carbon monoxide. Id. at ¶ 48 n.2. Such combustion events can also be fueled by "poor underground housekeeping, such as failure to properly clean up spilled oil and grease . . . ." Id. Plaintiffs allege

that the events were ignited by oxygen exposed to the coal by the mine's ventilation system. Id. at ¶¶ 6, 7, 8, 10.

The fires recurred, despite Foresight's efforts to extinguish and control them by pumping water and nitrogen into the mine. First Am. Compl. ¶¶ 50, 58. During this period, Foresight also began installation of a new ventilation system in the mine. Id. at ¶ 57. The named Plaintiffs were told that they would return to work on January 4, 2016. Id. at ¶ 65. But, in early January 2016, the mine closed and all miners were terminated. Id. at ¶ 78. The miners were not given 60 days' notice before the mine's closing. Id. at ¶ 11.

In April 2016, the Murray Defendants filed a Motion to Dismiss Plaintiffs' First Amended Class Complaint (d/e 22) and memorandum in support arguing that the combustion events were a natural disaster and that the mine's closure was therefore covered by an exception to the WARN Act. The Foresight Defendants also filed a Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (d/e 25) and adopted by reference the Murray Defendants' memorandum in support. Plaintiffs filed a

memorandum in opposition (d/e 27), arguing that WARN Act exception determinations are an inappropriate basis for dismissal and that the Amended Complaint alleges that the combustion events did not constitute a natural disaster.

### III. LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). Plausibility means the plaintiff has alleged facts that allow the court to reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

"[C]omplaints do not have to anticipate affirmative defenses to survive a motion to dismiss." United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005);  Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993) ("a plaintiff is not required to negate an affirmative defense in his complaint").  For an affirmative defense to justify a dismissal, the facts alleged in the complaint must fully and clearly make out the defense.  Hyson USA, Inc. v. Hyson 2U, Ltd.,--- F.3d ---, No. 14B3261, 2016 WL 2849334, at *2 (7th Cir. May 16, 2016) ("dismissal is appropriate only when the factual allegations in the complaint unambiguously establish all the elements of the defense") (emphasis in original).

### IV. ANALYSIS

**A.    The WARN Act Requires 60 Days' Notice Before a Plant Closure or Mass Layoff Subject to Certain Exceptions**

The WARN Act requires employers of 100 or more employees to give notice 60 days before a plant closure or mass layoff.  29 U.S.C. §§ 2101- 2102.  However, the WARN Act provides three exceptions which excuse employers from providing 60 days' notice: (1) the faltering business exception; (2) the unforeseen business

circumstances exception; and (3) the natural disaster exception. The natural disaster exception provides:

> No notice under this chapter shall be required if the plant closing or mass layoff is due to any form of natural disaster, such as a flood, earthquake, or the drought currently ravaging the farmlands of the United States.

29 U.S.C. § 2102(b)(2)(B).

The Department of Labor has issued regulations further elaborating the WARN Act's exceptions. 29 U.S.C. § 2107 (directing the Department of Labor to prescribe regulations); 20 C.F.R. § 639.9. Section 639.9(c) lists some examples of natural disasters and provides that the exception only applies if the plant closing is a direct result of the natural disaster:

> (1) Floods, earthquakes, droughts, storms, tidal waves or tsunamis and similar effects of nature are natural disasters under this provision.
>
> (2) To qualify for this exception, an employer must be able to demonstrate that its plant closing or mass layoff is a direct result of a natural disaster.
>
> (3) While a disaster may preclude full or any advance notice, such notice as is practicable, containing as much of the information required in § 639.7 as is available in the circumstances of the disaster still must be given, whether in advance or after the fact of an employment loss caused by a natural disaster.

> (4) Where a plant closing or mass layoff occurs as an indirect result of a natural disaster, the exception does not apply but the "unforeseen business circumstance" exception described in paragraph (b) of this section may be applicable.

20 C.F.R. § 639.9(c).

The exceptions function as affirmative defenses, with the burden of proof placed on the defendant. See 20 C.F.R. § 639.9 ("The employer bears the burden of proof that conditions for the exceptions have been met"). Moreover, whether a WARN Act exception applies is a fact intensive determination. See In re Protected Vehicles, Inc., 392 B.R. 633, 636 (Bankr. D.S.C. 2008) (noting the three defenses to the notice requirement and stating "[w]hether a particular defense is available, as well as the determination of whether proper notice was provided, is fact intensive"); see also, e.g., In re MF Glob. Holdings Ltd., 481 B.R. 268, 278 (Bankr. S.D.N.Y. 2012) (noting that the first two exceptions may be applicable in the case and that "these defenses are fact intensive and are thus not conducive to the motion to dismiss stage").

## B. Plaintiffs' First Amended Complaint Sufficiently Alleges That Defendants Violated the WARN Act and Does Not Unambiguously Establish the Elements of an Affirmative Defense

Defendants argue that the combustion events described in the First Amended Complaint constitute a natural disaster within the meaning of the WARN Act and that Plaintiffs' Amended Complaint pleads facts sufficient to establish that the combustion events caused the mine closure. Defendants assert that they were therefore not required to give pre-closure notice to the affected employees and Plaintiffs' Amended Complaint is deficient as a matter of law because the Amended Complaint merely makes conclusory statements that the events were not natural.

Plaintiffs argue that WARN Act exception determinations are fact intensive and are not an appropriate basis to dismiss under Rule 12(b)(6). Plaintiffs further argue that they have alleged that the combustion events were not a natural disaster, describing the events as artificial throughout the Amended Complaint. See, e.g., First. Am. Compl. ¶¶ 6, 7, 8, 10. Finally, Plaintiffs assert that, even if the events qualified as a natural disaster, Defendants are not

excused from giving notice because the closure was an indirect result of the combustion events.

As noted above, Plaintiffs are not required to anticipate and counter affirmative defenses in their complaints. Lewis, 411 F.3d at 842. Plaintiffs must only make a plausible claim that they are entitled to relief. Twombly, 550 U.S. at 547.

To establish a claim under the WARN Act, Plaintiffs must show that the employer was covered by the Act by employing 100 or more workers, that 50 or more employees lost their jobs at a single site shutdown, and that the affected employees were not given notice 60 days before the shutdown. 29 U.S.C. §§ 2101–2102. Here, Plaintiffs have alleged that the Deer Run Mine employed approximately 160 workers, that 50 or more employees lost their jobs when the mine was closed down, and that notice was not given to workers 60 days prior to the closing. First Am. Compl. ¶¶ 4, 8, 11.

Before a motion to dismiss is granted based on an affirmative defense, Plaintiffs must have effectively pleaded themselves out of

court by alleging facts that unambiguously establish all the elements of the defense. Hyson, 2016 WL 2849334, at *2. Here, Plaintiffs' factual allegations do not unambiguously establish that the combustion events qualify as a natural disaster under the WARN Act. The facts alleged in the Amended Complaint do not establish that the combustion events constituted a "natural disaster" as contemplated by the WARN Act.

     Plaintiffs amended their original complaint to append the words "man-made" or "artificial" to nearly every mention of the combustion events. See, e.g., First. Am. Compl. ¶¶ 6, 7, 8, 10. These assertions are indeed conclusory, and Plaintiffs' suggestion that the combustion events might have been caused by negligent mine upkeep are too speculative to pass the Twombly/Iqbal plausibility threshold. However, these are not the necessary elements to allege a claim for relief under the WARN Act. Those elements (employer with more than 100 employees, 50 or more jobs lost at a single site, notice not given of shutdown 60 days in advance) have been plausibly alleged. Therefore while Plaintiffs

have not made more than conclusory allegations that the combustion events were not a natural disaster, they have not unambiguously established that the combustion events were a natural disaster.

Defendants argue that the Amended Complaint establishes that the combustion events were a natural disaster because Plaintiffs explain that the events are a result of an interaction between oxygen and coal, both of which exist in nature. Therefore, Defendants reason, any combustion that results from the combination of these natural substances must also be natural, even if the substances were brought together by human interference.

Neither party cites, nor has this court found, any cases interpreting the natural disaster exception of the WARN Act. Applying a plain reading of the statute, human involvement in the origins of the combustion events would seem to preclude the events from being considered a natural disaster. Something is natural if it is "[e]xisting in or caused by nature; not made or caused by humankind." *Natural,* Oxford Dictionaries, (2016)

http://www.oxforddictionaries.com/definition/american_english/natural (last visited June 30, 2016).  Thus, if natural substances are combined by human intervention, the results would not meet the definition of "natural".

Nothing in the Amended Complaint identifies a natural disaster under the WARN Act.  Because Plaintiffs allege all of the required elements for a claim under the WARN Act, Plaintiffs have stated a claim for relief and do not allege facts which unambiguously establish that the natural disaster exception to the Act applies..

## V. CONCLUSION

Because Plaintiffs' Amended Complaint alleges facts which plausibly demonstrate a claim for relief under the WARN Act and does not allege facts which unambiguously establish that the natural disaster exception to the Act applies, Defendants' Motions to Dismiss Plaintiffs' First Amended Class Complaint (d/e 22) (d/e 25) are DENIED.  Plaintiffs' Request for Oral Argument is DENIED.

Defendants shall file an answer to the First Amended Complaint on or before July 29, 2016.

ENTER: July 12, 2016

FOR THE COURT:

                                            s/Sue E. Myerscough
                                      SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE